UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 15-182-HRW

KYLE SCOTTY BIG NAPIER,                                                                PLAINTIFF,

v.                          **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in late 2012, alleging disability due to "back/neck problems, fibromyalgia, arthritis [and] anxiety" (Tr. 243). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Tommye C. Mangus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Julian M. Nadolsky, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 14-27). Plaintiff was 41 years old at the time of the hearing decision. He has an 8th grade education (Tr. 244). His past relevant work experience consists of work as a truck driver and bulldozer operator (Tr. 234, 245). He was laid off in 2012.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffers from depression, anxiety, history of polysubstance abuse and mild spine degenerative changes, which he found to be "severe" within the meaning of the Regulations (Tr. 16).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21).

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform medium level work with certain postural, environmental and mental limitations, as set forth in the hearing decision (Tr. 22-23). Specifically, with regard to his residual mental capacity, the ALJ found that Plaintiff can "understand, remember, and carry out simple instructions and tasks, tolerate occasional casual contact with coworkers, supervisors, and the public; and adapt to occasional, gradually introduced workplace changes (Tr. 22-23).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 26).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

3

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff presents a single, somewhat narrow challenge to the ALJ's decision; he maintains that the ALJ did not properly assess his mental limitations. While Plaintiff exhaustively recounts his medical history in this regard, the Court is mindful that the mere existence of impairments such as those alleged by Plaintiff, is insufficient to establish disability under the stringent standards of the Act. Rather, Plaintiff bears the ultimate burden to establish that his impairments caused functional limitations so severe that he was unable to engage in any substantial gainful activity for a continuous period of at least 12 months. *See Barnhart v. Walton*, 535 U.S. 212, 220 (2002); 42 U.S.C. § 423(d)(1)(A). The disability, not just the impairment, must last 12 months. *Walton*, 535 U.S. at 220.

With regard to Plaintiff's mental impairments, Syed Raza, M.D.'s treatment records show that he found Plaintiff to have an opioid dependence. He also diagnosed spinal stenosis, chronic pain in back, legs and kidney stones. In late August 2013, Dr. Raza provided a psychiatric evaluation in conjunction with his treatment of Plaintiff (Tr. 579-585). Plaintiff provided a

history of longstanding opioid dependence and substance abuse with an inability to control his use of prescription pain pills including "illicit methadone" (Tr. 579). Dr. Raza noted that Plaintiff reported that he had no significant complaints of depression or persistent anxiety and no thoughts of suicide (Tr. 579-580). Plaintiff also reported that he had not received mental health counseling (Tr. 581). Dr. Raza found Plaintiff's concentration, insight and judgment was fair; he was fully oriented; exhibited a euthymic mood and appropriate affect; normal motor behavior; with logical and goal-directed thoughts (Tr. 582). Dr. Raza provided a diagnostic impression of opioid dependence and assigned Plaintiff a global assessment of functioning (GAF) score of 80 (Tr. 584).

Three months earlier, in May 2013, William R. Rigby, Ph.D., saw Plaintiff for a consultative mental examination (Tr. 393-397). Dr. Rigby observed that Plaintiff was fully alert and oriented x3 with slightly impaired concentration and attention. Dr. Rigby noted that Plaintiff appeared to be of below average intellect and that his mood appeared to be moderately depressed and mildly anxious. Plaintiff reported panic attacks four times a month. Plaintiff's thought processes were free of psychotic symptoms, affect was restricted, with an intact short and long term memory (Tr. 394). He denied having any drug or alcohol problems (Tr. 396). Dr. Rigby assigned Plaintiff a GAF score of 65 and opined that Plaintiff had no impairment as to understanding, retaining, and following simple instructions; a mild impairment in sustaining concentration and persistence to complete tasks in normal time; a moderate impairment in maintaining social interactions with supervisors, friends, and the public; and a marked impairment in adapting and responding to the pressures of normal day-to-day work activity (Tr. 397).

In December 2014, Robert S. Spangler, Ed.D., saw Plaintiff for a consultative mental examination at his counsel's request (Tr. 587-590). Plaintiff provided a history of experiencing "medical and mental problems" beginning in adolescence (Tr. 587). Although Dr. Spangler noted that Plaintiff's affect was flat with a depressed and anxious mood, he was oriented x3, with an adequate recall of both recent and remote events, no illogical language or loose associations, stream of thought was unremarkable, thought content was non-psychotic and not delusional, and he was without perceptual abnormalities except for slow speed (Tr. 588-589). Nonetheless, at Plaintiff's counsel's request, Dr. Spangler completed an assessment of Plaintiff's mental ability to do work-related activities in which he determined that although Plaintiff had a poor to no ability to deal with work stresses and demonstrate reliability; he was still able to maintain good attention and concentration when on prescribed medications; with a fair ability to follow work rules; relate to co-workers; deal with the public; use judgment; interact with supervisors; function independently; understand, remember, and carry out simple job instructions; maintain personal appearance; behave in an emotionally stable manner; and relate predictably in social situations (Tr. 591-593). This assessment appears to be inconsistent with the examiners own findings.

Following the Commissioner's unfavorable decision, Plaintiff presented at the Harlan ARH Hospital Emergency Department. (Tr. 631). The Discharge Summary from Dr. Raza dated April 27, 2015, indicated that Plaintiff was alert and oriented x3; with fair insight and judgment, normal psychomotor activity, euthymic mood and congruent affect, linear thoughts, no hallucinations, delusions, suicidal or homicidal thoughts; and resolved depression and anxiety. Dr. Raza opined that per psychological testing, Plaintiff met the criteria for polysubstance dependency and possible substance induced mood disorder (Tr. 597-598).

In the hearing decision, it is clear that the ALJ considered these opinions in detail. In weighing them, the ALJ properly inquired as to whether the opinions are supported by objective medical and whether they are consistent with the record as a whole.

The ALJ gave "great weight" to Dr. Raza's August 2014 examination findings that showed Plaintiff only experienced mild symptoms related to opioid dependence, rather than disabling limitation. The ALJ also cited portions of Dr. Rigby's May 2013 opinion that Plaintiff had no impairment in understanding, retaining, and following simple instructions; a mild impairment in sustaining concentration and persistence to complete tasks in a normal amount of time; and a moderate impairment in maintaining social interactions with supervisors, friends, and the public. The ALJ reasonable declined to accept Dr. Rigby's assessment that Plaintiff had a marked impairment in adapting and responding to the pressures of normal day-to-day work activity. The ALJ specifically pointed out that it was inconsistent with Dr. Rigby's own examination findings and assessed GAF score of 65, as well as Dr. Raza's examination findings and assessed GAF score of 80 (Tr. 24-25). The ALJ also reasonably declined to accept Dr. Spangler's inconsistent assessment of Plaintiff's mental limitations, finding that it appeared to be "based entirely on the claimant's subjective complaints" (Tr. 25). Significantly, the ALJ pointed out that Plaintiff had received nothing more than minimal treatment for any mental symptoms or conditions other than opioid dependence and substance abuse. The ALJ's finding that Plaintiff was not subject to a disabling mental impairment was subsequently supported by an April 2015 Harlan ARH Hospital Emergency Department examination that resulted in a normal psychiatric evaluation and revealed normal interpersonal interactions with appropriate affect and demeanor (Tr. 631), and the April 2015 Harlan ARH Hospital Discharge Summary from Dr. Raza, that

indicated that Plaintiff was alert and oriented x3; with fair insight and judgment, normal psychomotor activity, euthymic mood and congruent affect, linear thoughts, no hallucinations, delusions, suicidal or homicidal thoughts; and resolved depression and anxiety.

The evidence of record simply does not support Plaintiff's claims of completely disabling limitations from his alleged disability onset date of April 7, 2012, through April 2, 2015, date of the ALJ's decision. *See* 20 C.F.R. § 404.1529(c)(4)4 (stating an ALJ must consider inconsistencies in the evidence).

Further detracting from Plaintiff's allegations of disabling mental impairment, the ALJ pointed out that Plaintiff was apparently "laid off" for reasons other than his alleged disability; the lack of consistent objective medical findings; generally mild medical findings; and Plaintiff's apparent continuing use of Suboxone to control opioid dependence, consistent with his history of substance abuse and addiction (Tr. 19, 23-25). Moreover, the ALJ justifiably determined that Plaintiff tried to minimize his substance addiction, use, and prior legal history, which resulted in conflicting reports and testimony (Tr. 19). Symptoms are subjective complaints about a claimant's condition, and cannot be the basis for a finding of disability. *See* 20 C.F.R. §§ 404.1528(a) (symptoms are a claimant's description of his mental impairment(s)), 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled").

To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors his claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court

8

should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of March, 2017.

Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge